# Postlethwaite's Appeal.    Shirey's Estate.

1. On a petition for a decree for the payment of legacy out of land, under
59th section of Act of February 24th 1834, all the parties being before it, on
refusing a decree to the petitioners, the court may decree the legacy to the
respondent if entitled.

2. The jurisdiction of the court attached on the presentation of the petition, and it had the same control of the subject as a court of equity.

3. In construing a will, the circumstances of the testator, his family, the amount and character of his property, should be taken into consideration.

4. A will with two residuary clauses construed.

May 9th 1871.    Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ.

Appeal from the Orphans' Court of *Franklin county :* No. 44, to May Term 1871.    In the estate of Adam Shirey, deceased.

The proceedings were commenced August 11th 1870, by the petition of A. G. Postlethwaite and Elizabeth his wife, late Elizabeth Shirey, and J. Wesley Shirey, against James C. McLanahan, administrator of Milton Shirey, deceased, Elizabeth Shirey, widow, and Missouri, Myron, Homer and Abner E. Shirey, children of said Milton Shirey.

Adam Shirey died in May 1862, leaving a widow, Elvinia, and three children, J. Wesley and Milton (deceased) above-named by a former wife, and Elizabeth Postlethwaite, by his surviving widow.    At the time of his death he owned a small amount of personal property, and the following described real estate :—

A farm in Antrim township, Franklin county, containing about 153 acres.

A house and lot of ground, situate in the borough of Greencastle aforesaid, and at the time of his decease in the tenure and occupancy of his son Milton Shirey.

A house and half lot of ground, situate in same borough, in which decedent resided at the time of his death ; and

A half lot of ground in same borough, on which was erected a shop.

He left a will dated May 3d and proved May 22d 1862, by which, after directing his debts, funeral expenses, &c., to be paid, he further provided : * * *

" And after payment thereof and Every part thereof I Will and Bequeath to my Beloved Wife Elvinia The House and half of the Lot in which we now live and the Division fence to be made and paid for out of Estate Together with the Interest of Two Thousand Dollars to be paid to her Annually as long as She Remains my Widow the said Dower to Remain in the Land and the household Furniture to Remain as it now is as long as my Wife Remains my Widow I Will and Bequeath all the Rest of my property both Real and personal to my three Children Except the house and Lot in the Possession of my Beloved son Milton Shirey which I give and Bequeath to him before any Divide of my property is made it is my Wish According to my Wife's Agreement with me that She will not claim the three Hundred Dollars that the law Allows to Widows and in Case of Daughter Elizabeth Rebaugh Should Die without Issue that her share of my Estate

[Postlethwaite's Appeal.]

Shall be Equally Divided Among her Surviving Brothers or their Children and all the Rest Residue and Remainder of my Goods Chattels Ready Money Effects and Other of my Estate Whatsoever or Wheresoever both Real and personal I give and Bequeath the same to my son Milton Shirey and I Allow my said Son to Sell my Shop and half lot of Ground Together with my Farm in Antrim Township whenever he may think proper to the best Advantage and I Appoint my Son Milton Shirey my Sole Executor of this my Last Will and Testament."

The petition set out as above, and that the executor, Milton Shirey, sold the farm, subject to the $2000 to raise the provision for the widow, and that the farm was afterwards conveyed to him by the purchaser; that Milton died in August 1864, leaving a widow and children as above stated, and that Elvinia, the widow of the testator, had married on the 10th of March 1870. The prayer was that the court would decree to Elizabeth Postlethwaite and J. Wesley Shirey, each one-third of the $2000 payable on the marriage of the testator's widow, under the last residuary clause.

The respondents answered, averring that they were entitled to the whole of the $2000, as representing their father, the question being under which of the residuary clauses the $2000 passed.

The court refused the decree prayed for, and decreed the fund to Milton Shirey's children.

The petitioners appealed to the Supreme Court, and assigned the decree of the Orphans' Court for error.

*L. W. Hall* and *F. Jordan*, for appellants, cited 1 Jarman on Wills 160, 517, 573; Hogan *v.* Jackson, Cowper 299, s. c. 3 B. P. C. 388; Hansell *v.* Hubbell, 12 Harris 244; Redfield on Wills 350, 446; Allum *v.* Fryer, 3 Q. B. 442; Roe *v.* Nevill, 11 Id. 466; Malone *v.* Dobbins, 11 Harris 296; Amelia Smith's Appeal, 11 Id. 9; Lipman's Appeal, 6 Casey 180; Bender *v.* Dietrick, 7 W. & S. 284; Horwitz *v.* Norris, 10 P. F. Smith 261; Jones's Appeal, 3 Grant 171.

*J. McD. Sharpe* (with whom was *W. McLellan*), for appellees, cited Findlay *v.* Riddle, 3 Binn. 149; Beltzhoover *v.* Costen, 7 Barr 16; Horwitz *v.* Norris, 10 P. F. Smith 261; Lynn *v.* Downes, 1 Yeates 518; Rewalt *v.* Ulrich, 11 Harris 388; Earp's Will, 1 Pars. 457; Hoopes's Appeal, 10 P. F. Smith 220; 1 Jarman 363, 527; Turbett *v.* Turbett, 3 Yeates 187; Lewis's Estate, 3 Whart. 162; German *v.* German, 3 Casey 116; Stickle's Appeal, 5 Id. 234; Newbold *v.* Boone, 2 P. F. Smith 167; Hunter's Estate, 6 Barr 97; Shreiner's Appeal, 3 P. F. Smith 106; McGlaughlin *v.* McGlaughlin, 12 Harris 20; Bayard *v.* Atkins, 10 Barr 18; Delameter's Estate, 1 Whart. 362; Nyce's Estate, 5

[Postlethwaite's Appeal.]

W. & S. 254; Michell *v*. Michell, 5 Madd. 16; 2 Jarman 724; 1 Redfield 426; 2 Id. 440.

The opinion of the court was delivered, May 18th 1871, by
SHARSWOOD, J.—There was no incongruity as is supposed in the decree below dismissing the petition of the appellants with costs, and at the same time making a decree in favor of the respondent, awarding the principal of the legacy to him. The 59th section of the Act of Assembly of February 24th 1834, Pamph. L. 84, provides that "When a legacy is or shall be hereafter charged upon or payable out of real estate, it shall be lawful for the legatee to apply by bill or petition to the Orphans' Court having jurisdiction of the accounts of the executor of the will by which such legacy was bequeathed, whereupon such court having caused due notice to be given to such executor and to the devisee or heir, as the case may be, of the real estate charged with such legacy, and to such other persons interested in the estate as justice may require, may proceed according to equity to make such decree or order touching the payment of the legacy out of such real estate as may be requisite and just." It is evident that the jurisdiction of the court having attached by the presentation of the petition, it has entire control of the subject as a court of equity would have. Having all parties before it, it can and ought to make such decree as law and equity require, and which will be binding upon all. It may therefore dismiss the petition of one who shows no right, and decree that the legacy charged shall be paid to another to whom it is adjudged to belong.

The main contention, however, has been upon the true construction of the will of Adam Shirey. It has been long and well settled, and indeed it is a principle so consonant to reason that the only wonder is that it should ever have been questioned, that all the surrounding circumstances of a testator—his family, the amount and character of his property—may and ought to be taken into consideration in giving a construction to the provisions of his will. Adam Shirey had been twice married. By his first wife he had two sons, and by his second one daughter. The second wife and all three children survived him. He had a farm in Antrim township, Franklin county—two houses, a shop and the lots upon which they were erected in the borough of Greencastle. By his will he bequeathed to his wife the house and lot on which they lived, with the interest of $2000 to be paid to her annually during her widowhood, "the said dower to remain in the land, and the household furniture to remain as it now is as long as my wife remains my widow." He then proceeds immediately as follows: "I will and bequeath all the rest of my property, both real and personal, to my three children, except the house and lot in the possession of my beloved son Milton Shirey,

which I give and bequeath to him before any divide of my property is made." Although if this were the only residuary bequest in the will it would undoubtedly be sufficient to pass everything undisposed of, and so carry the principal of the legacy to the widow upon the termination of her interest, yet as there is a subsequent residuary bequest it is evident, construing the whole instrument together, that by all the rest of his property, real and personal, he meant his farm in Antrim, his remaining house and lot, and such personal property other than the household furniture specifically bequeathed as he should die possessed of. As to all this property he evidently contemplated an immediate division of it upon his death, for he provides that Milton shall have the house and lot in his possession before any " divide" of his property is made. He evidently is not adverting to the reversionary interest in the legacy of $2000, the interest of which was to be paid to his wife as long as she remained his widow. It was not before his mind at that time. But when he does advert to that afterwards at the close of his will, he provides with greater fulness and particularity so as to include everything not before disposed of, " And all the rest, residue and remainder of my goods, chattels, ready money, effects and other of my estate both real and personal, I give and bequeath the same to my son Milton Shirey." The power given to Milton, who was the executor, to sell his shop and half lot of ground, together with the farm in Antrim, following immediately this residuary devise, shows that he did not consider these properties as included in it, for why should he be vested with power to sell what would thus have been given to him absolutely? They had previously been devised to his three children, and the power of sale was proper in order most conveniently to effectuate the devision which he contemplated among them. Thus there is no repugnancy in the will, but effect is given to every word, a result always to be aimed at in construction. We give no opinion upon the question whether the wife took an estate in fee or during widowhood in the house and lot devised to her. That question was not before the court below and is not before us. The only subject within the jurisdiction of the Orphans' Court and brought up on this appeal is the legacy of $2000 charged on the land. Upon that subject we think that the learned court came to the right conclusion.

Decree affirmed, and appeal dismissed at the costs of the appellants.