# McDevitt's Appeal.

1. A testator, in his will, provided for his son Eli as follows: " All the share of my property which my son Eli is, or will be entitled to under the foregoing provisions of this will I direct to be retained by my son George, as trustee for the said Eli, during the natural life of said Eli; and I direct the interest thereof to be annually paid to Eli, and after his death his share to be equally divided among his children, if he should have any, or to their issue, the issue in all cases taking the share which their parent would have taken."

   *Held*, on distribution of the funds in the hands of said trustee, after the death of Eli, that the testator by words of limitation in the will, intended to devise to Eli an estate less than one of inheritance, and that the fund must be distributed to the heirs of the testator.

2. A will must be construed so as to give effect to every part of it, and harmony to the whole instrument.

May 19th, 1886.   Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN, and CLARK, JJ.   TRUNKEY, J. absent.

APPEAL from the Orphans' Court of *Lancaster county :*   Of January Term, 1886, No. 464.

Appeal of Eliza L. McDevitt from the decree of said court distributing the funds remaining in the hands of the trustee of Eli T. Derrick, to the administrator of the said Eli T. Derrick.

The facts of the case appear from the report of the Auditor, A. C. Bruner, Esq., appointed to distribute the funds in the hands of Wm. B. Given, trustee, under the will of Richard Derrick, deceased, to and among those legally entitled to the same.

The Auditor, from the evidence produced before him, found the facts to be as follows, viz:—The will of Richard Derrick was admitted to probate on the 5th day of June, 1863, and provides, *inter alia,* as follows:

All the share of my property which my son, Eli T. Derrick, is or will be entitled to under the foregoing provisions of this will, I direct to be retained by my son George W. Derrick, as trustee for the said Eli during the natural life of the said Eli; and I direct the interest thereof to be annually paid to Eli, and after his death his share to be equally divided among his children, if he should have any, or to their issue, the issue in all cases taking the share which their parent would have taken.

George W. Derrick having died, Samuel Truscott succeeded him as trustee, who having filed his account and been discharged, Wm. B. Given, Esq., was appointed by the court on January 19th, 1882, to succeed him as trustee.

Eli T. Derrick died on the 31st day of July, 1884, leaving neither widow nor issue.

The account of Wm. B. Given, Esq., Trustee, was filed in the Register's office aforesaid, showing a balance in his hands for distribution to and among those legally entitled to the same of 788.09.

Is the legacy of or to Eli T. Derrick merely an annuity? The said Eli having died without issue, does the principal from which this annuity accrued pass under the residuary clause in said will or did the testator intend an absolute gift to said Eli and his heirs, to be held in trust for them, the interest thereof " to be annually paid to Eli and after his death his share to be equally divided among his children, if he should have any, or to their issue ? " We believe the latter to be the proper construction of the bequest.

The provisions made for the payment of the principal to his children or their issue, after the death of the said Eli, in our mind, confirms this view. Further, there is no special bequest over, on the death of the said Eli, the evident intention of the will being to provide for the said Eli during life and his issue after his death.

The fact that this special clause is preceded in the will by a general residuary clause does not in our opinion militate against our position: see Willard Est., 18 P. F. S., 327.

Even should a doubt exist as to the absolute character of this bequest, we must give the legatee the benefit of such

doubt, as was said in Smith's Appeal, 11 Harris, 9: "In cases of doubtful construction the law leans in favor of an absolute rather than a defeasable estate."

The construction placed by the Supreme Court in Sproul's Appeal, 13 W. N. C., 168, shows clearly that wherever possible, distribution shall be made to conform to the general rules of inheritance.

It follows from your Auditor's view of the law, that this entire fund, after deducting expenses of this audit, belongs to the estate of Eli T. Derrick, and must be distributed as such. All the bills presented are disallowed, for the reason that the funds before your Auditor are those of the estate of Richard Derrick, deceased, and not the funds of Eli T. Derrick, and consequently not liable for his debts.

Letters of administration upon the estate of Eli T. Derrick never having been taken out, your Auditor would therefore award the money arising from this fund, after the payment of the expenses of this audit to the estate of Eli T. Derrick, or to the administrator of the estate of the said estate, when letters of administration shall have been duly granted unto him.

Exceptions were filed to this report by the heirs of Richard Derrick, deceased, which were overruled by the court, PATTERSON, J., filing the following opinion:

The following is the only exception filed, viz: "The Auditor erred in awarding the fund to the estate or administrator of the estate of Eli Derrick, and not to the heirs of Richard Derrick, deceased."

The Auditor under the portion of the will recited in his report, held that the legacy so given to Eli Derrick, as he expressed it: "is an absolute gift to Eli Derrick"—in other words a vested legacy and therefore awarded the entire fund to the administrator of said Eli's estate, when such letters of administration shall have been granted.

Now the law never presumes an intent to die intestate, as to part of a testator's estate; such intention must be clearly gathered from the will itself, before that construction can be accepted. The testator seems to give to Eli, as well as to his other children, by the words in the second paragraph to wit: "I direct the proceeds to be divided equally among all my own children, as well by my first as by my second wife;" his share absolutely. And so also in "Fourth," or residuary clause of the will. But this share of Eli's whether vested or contingent, will make very little difference in the disposition of the fund, he having died intestate, and without widow or issue. And for the further reason advanced in the Auditor's report, we will dismiss the exception filed, and confirm the Auditor's report.

Eliza L. McDevitt, one of the heirs of Richard Derrick, deceased, thereupon took this appeal assigning for error the confirmation of the Auditor's report.

*William B. Given*, (*Eugene G. Smith* with him), for appellant.

This legacy was never vested in Eli T. Derrick. It is evident from the will that the testator never intended that it should so vest. The enjoyment of it by Eli is restricted to the term of his natural life and there is a bequest over. A bequest of income will not carry an absolute estate in the principal where the plain intent of the testator is otherwise, and in arriving at that intent the words of the will must be permitted to have their proper force: Bently *v.* Kaufman, 86 Pa. St., 99.

The intention of the testator is unmistakable. There is no direction or power given to any one to pay over the principal or *corpus* of this fund, or any part of it, to Eli T. Derrick at any time, or upon the happening of any contingency. The fund was placed by the very terms of the bequest into the hands of a trustee " during the life of Eli," with direction that " the interest thereof to be annually paid to Eli," and with the provision immediately following that " after his (Eli's) death his share to be equally divided among his children, if he shall have any, or to their issue."

Thus the testator clearly distinguished, by apt expression, between the limited use given to his son, Eli T. Derrick, and the entirety which was to go to the children of Eli, or their issue.

It was a gift only of the income of the fund with a limitation as to time, and therefore the *corpus* of the fund never vested in Eli T. Derrick: Millard's Appeal, 6 Norris, 457. Eli T. Derrick had nothing in this fund that was the subject of gift, sale or attachment.

The estate was vested in the trustee to support the contingent remainder, charged with the burden of paying income during his life time to Eli T. Derrick: Huber's Appeal, 30 P. F. S., 348.

The trust for Eli was an active one : Earp's Appeal, 25 P. F. S., 123 ; Ash's Appeal, 2 Weekly Notes, 360; consequently the legal estate for life was in the trustee, to perform the duties imposed by the donor, and could not therefore coalesce with any subsequent estate : Dobson *v.* Ball, 10 P. F. S., 492.

The construction of testamentary words must always depend in some measure on the special facts : Huber's Appeal, 30 P. F. S., 348.

Eli T. Derrick was a drunkard, and the testator knew of this fact when he made his last will.

Eli T. Derrick left no estate to be administered. This

fund never having vested in Eli T. Derrick, and Eli T. Derrick, having died without children or the issue of children, the fund reverts to the estate of the testator, Richard Derrick deceased and passes under the residuary clause in his will.

There was no appearance or paper book for the appellee.

Mr. Chief Justice MERCUR delivered the opinion of the court, May 31st, 1886.

Section 9 of the Act of 8th April, 1833, declares, "all devises of real estate shall pass the whole estate of the testator in the premises devised, although there be no words of inheritance or of perpetuity, unless it appear by a devise over or by words of limitation or otherwise, in the will, that the testator intended to devise a less estate."

The present contention is, whether Eli T. Derrick took a fee in the real estate of his father Richard Derrick, under the will of the latter? The clause under which it is claimed Eli took a fee, contains no words of inheritance. It is therefore by implication only that it can be claimed he took a fee: France's Appeal, 75 Pa. St., 220.

In arriving at the intent of the testator we must seek to give effect to every part of the will and give harmony to the whole instrument.

Turning then to the language of the testator, he declares all the share of his property which his son Eli will be entitled to under the provisions of the will, shall "be retained by my son George as trustee for said Eli during the natural life of said Eli," and I direct that the interest thereof be annually paid to Eli and after his death, his share to be equally divided among his children, if he should have any or to their issue, the issue in all cases taking the share which their parent would have taken."

Eli died intestate unmarried and without leaving children or any descendants.

The court decreed the fund to the administrator of Eli. In this we think it erred. The legacy was not vested in Eli. A trust was created and George was made the trustee of the whole fund. The *corpus* thereof was never to be paid to Eli, nor to any person to be designated by him. His whole right under the devise was limited to the receipt of the interest thereon. This he was to receive from the hand of the trustee. It therefore clearly appears that the testator by words of limitation in the will, intended to devise to Eli an estate less than one of inheritance.

> Decree reversed at the costs of the appellee, and record remanded with instructions to make distributions to the heirs and devisees of Richard Derrick, entitled to the fund.