Opinion by
Orlady, J.,
In Postlethwaite’s Appeal, 68 Pa. 477, it was said: “It has been long and well settled, and indeed it is a principle so consonant to reason, that the only wonder is that it should ever have been questioned, that all the surrounding circumstances of a testator, his family, the amount and character of his property, may and ought to be taken into consideration in giving a construction to the provisions of his will:” Follweiler’s Appeal, 102 Pa. 581; McKeehan v. Wilson, 53 Pa. 74.
When David Crick executed his will he was about sixty-three years of age, an invalid in health and for many years had lived in domestic confidence with his wife, who was three years his junior. They had no children and were mutually dependent upon each other. They united their savings in accumulating the property involved in this contest. The title to the home in which they lived was in the wife’s name; that of another house and lot was in the husband’s name, and a third was in their joint names. In addition to these he owned interest bearing securities of the value of $5,600. With a scant knowledge of the technical use of words and legal phrases, he disposed of this property by a will written by himself. In considering the will thus prepared, despite his inapt use or misuse of words in some instances, it indicates as clearly as would be expected from a person so situated, that his estate should be distributed in the manner determined by the court below. The essential facts are not in dispute and, as said in Roberjot v. Mazurie, 14 S. & R. 42, “No other man’s will can guide us in the construction of this man’s will,” we feel that the result reached is as nearly the true one as we can make it. An extended discussion would not add to what has been submitted in the opinion of the court below in which the governing principles are rightly applied.
The decree is affirmed.