## Mayer's Estate.

*Wills—Construction—Contradictory clauses—Debts—Trusts and trustees.*

1. The rule that, where two contradictory clauses appear in a will, the last clause should take effect to the exclusion of the former, applies only where the two clauses are clearly inconsistent.

2. In ascertaining the intent of the testator, the court should, if possible, harmonize the language so as to give effect to what might apparently be inconsistent and repugnant provisions.

3. In construing the language of a will in order that testator's intention may be ascertained with certainty, the court is at liberty to seek assistance from the circumstances attending the decedent, such as the condition of the testator's family, the amount and character of his property, and the objects of his bounty.

4. The law makes payment of debts of a decedent mandatory, and no act of a testator can defeat or defer this requirement.

5. The direction in a will to pay the debts "consistent with the preservation of his estate" will have no effect on actual debts.

6. Where a testator calls a bequest in trust for the education of two children, a "just debt," he cannot by so doing place such a gift within the class of debts that have a preference in the settlement of his estate, although it may fall into a class by itself and payment thereof may be made consistent with the preservation of the estate.

7. Where a testator, after directing that all "just debts consistent with the preservation of his estate be paid," states that it was his ambition to furnish means for the higher education of "some worthy child," and for that purpose gives legacies of an amount stated, in trust for two children "to be considered a just debt," and finally directs that his estate shall be intact until a date stated,

Syllabus—Arguments.                    [289 Pa.

which turned out to be ten years after his death, and then divided, the court, taking into consideration that when testator died the estate was scarcely solvent, should, on application of the trustee for the children, six years after testator's death, direct that a suitable amount be paid by the executrix to the trustee.

8. Such payments should be sufficient, if possible, to satisfy the testator's intent, and at the same time should not be so large as to embarrass or injure the estate unnecessarily.

9. The direction, to keep the estate intact until the date mentioned, cannot be used as a restriction on any payment that has been directed by prior clauses of the will.

Argued March 18, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 68, March T., 1927, by Belle Duke Stouppe, trustee, from decree of O. C. Cambria Co., File No. 12701, dismissing petition to pay over legacies, in estate of Louis Henry Mayer, deceased. Decree modified.

Petition to pay over legacies. Before REED, P. J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Belle Duke Stouppe, trustee of Duke Stouppe et al., appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Russell R. Yost,* of *Graham & Yost,* for appellant.— The legacies to the Stouppe children were payable at the expiration of six months from the death of testator: Fahrney v. Holsinger, 65 Pa. 388; Sheetz's App., 82 Pa. 213; Doyle's Est. 28 Pa. Superior Ct. 579; Jones' App., 3 Grant 169; Jones v. Strong, 142 Pa. 496.

Interest on legacies began to run at expiration of one year from death of testator: Wright's App., 113 Pa. 621.

*Harry Doerr,* with him *W. Stephens Mayer,* for appellee.—Where there are contradictory clauses in a will the last clause must take effect to the exclusion of prior

inconsistent clauses: Philips' Est., 205 Pa. 504; Stoudt's Est., 86 Pa. 386, 392; Sheet's Est., 52 Pa. 257.

Where words or expressions are directory and commanding, these commands must be followed: Good v. Fichthorn, 144 Pa. 287; Kreb's Est., 184 Pa. 222; Miller v. Stubbs, 244 Pa. 482.

In construing a will, regard must be had to its whole scheme and if it is found that particular intent is inconsistent with the general intention the former must give way to the latter: Ferry's App., 102 Pa. 207; Jones v. Strong, 142 Pa. 496.

OPINION BY MR. JUSTICE KEPHART, April 18, 1927:

Appellant petitioned the orphans' court for a citation to show cause why legacies should not be paid with interest. The question arose under the will of Dr. Mayer of Johnstown, who died in 1920. As it relates to the question before us, the will directs that all "just debts consistent with the preservation of my estate be paid," and, further, "It having been my ambition since early youth to furnish means by which some worthy child might secure a higher education, for that purpose I give and bequeath unto Duke Stouppe and Louise Stouppe......the sum of Five Thousand Dollars ($5,-000) each, to be considered a *just debt,* to be paid to ......their mother, to be held in trust for the persons as herein set forth." Finally, "My estate shall be kept intact until the year 1930, at which time my entire estate shall be settled and divided."

It was the contention of the mother, petitioner in the court below, that she was entitled to the full sum with interest at the present time. No account has been filed by the executrix. It was stated at the bar of the court that, at the time of the death of the testator, the estate was scarcely solvent; and the executrix, to carry out the purposes mentioned in the will, was required to be very careful in the conservation and administration of the estate. The court below found there was a

direct conflict between the direction to treat the gift in question as a "just debt," and the last quoted provision of the will postponing distribution of the estate until 1930. For that reason it refused the petition, following the rule that, where contradictory clauses appear in a will, the last clause should take effect to the exclusion of any prior or inconsistent clauses. This principle of construction applies, however, only where the two clauses are clearly inconsistent: Phillips's Est., 205 Pa. 504, 509; Sheetz's Appeal, 82 Pa. 213, 217; Mutter's Estate, 38 Pa. 314, 321.

In ascertaining the intent and purpose of a testator, as expressed by his will, we should, if possible, harmonize the language so as to give effect to what might apparently be inconsistent and repugnant clauses or provisions. We are not at liberty to disregard plain words and say they are meaningless, unless after a careful consideration of the entire instrument it is not possible to give them any meaning: Moore's Estate, 241 Pa. 253, 257; McDevitt's Appeal, 113 Pa. 103. In construing the language of a will, that testator's intention may be ascertained with certainty, we are at liberty to seek assistance from the circumstances attending the decedent, such as the condition of the testator's family, the amount and character of his property, and the objects of his bounty: Glasgow's Estate (No. 1) 243 Pa. 613, 617; Arnold's Estate, 240 Pa. 261, 265; Gilmore's Estate, 154 Pa. 523, 530; Postlethwaite's Appeal, 68 Pa. 477, 480; Rewalt v. Ulrich, 23 Pa. 388, 391; Crick's Estate, 35 Pa. Superior Ct. 39, 46; Schouler on Wills (6th ed.), section 949.

When testator directed his "just debts to be paid," he did an unnecessary act, since the law makes payment of debts mandatory, and no act of testator could defeat or defer this requirement. A time is limited by law within which an estate must be settled, and after the expiration of that time a creditor can force payment. Consequently, the direction in the will, to pay the debts

"consistent with the preservation of his estate," would have no effect on actual debts, and the phrase would be legally meaningless as to them. Of course, it may be possible for the executrix to make some arrangement with creditors whereby payment may be delayed so as to preserve the estate, but that was not the purpose of this language. It was intended to lodge a certain discretion as to payment in the executrix, but, since that discretion could not be exercised as to debts due and payable, some other provision of the will must be sought to give effect to this language.

Testator calls the gift to the two children a "just debt." What did he mean by this expression? Did he wish to place this gift as a debt within the class of debts that had a preference in the settlement of the decedent's estate just discussed? If that was his idea it would be unavailing. He could not, in this fashion, create an obligation against the estate to the prejudice of debts existing at the time of his death, or of the widow's interest. Had a settlement of the estate occurred within the time allotted by law, this estate would not only have been seriously impaired, as we understand it, but it is very doubtful whether these legacies could have been paid in full. Testator, more than anyone, knew the condition of his estate and he must be presumed to have known the law.

If he could not create a debt on a parity with other debts of the estate, did he by the words used wish to emphasize to the world and his family the fact that, in making this gift, he placed it above charity, bounty and educational purposes, as at first expressed? By the use of these words, when comparing the quantity of his estate with his debts and the amount of this gift, he answered any and all questions concerning the gift. It was justly due to the children and the words "just debt" expressed a security of purpose that denies further inquiry. His will speaks plainly, as it makes no disposition for his wife and children until after 1930, ex-

cept some trifling bequests of jewelry; this claim is preferred before them in the settlement of the estate and may take a considerable part of it. The situation is somewhat analogous to the case of a voluntary bond, which is a debt legally chargeable against the estate of a testator, ranking after debts for value, but ahead of other legacies: Candor & Henderson's App., 27 Pa. 119; Krell v. Codman, 154 Mass. 454, 28 N. E. 578.

Dr. Mayer was a physician of high standing in his community; he had an undoubted right to dispose of his property as he saw fit, provided his wife did not object, which she did not do, and his intention must not be defeated either by an unnecessary embarrassment of his estate or a too stringent enforcement of *discretionary* authority.

The will stated that it had been his ambition to give these worthy children a higher education. It is quite evident, if this purpose is to be carried out, that the beneficiaries should receive the education while they are "children" or during what is ordinarily termed "the educational period" for children. The children are now of an age when they should receive the benefit of higher education. If this claim is held until 1930, or, on the other hand, if it be immediately liquidated, the probabilities are that his purpose will be frustrated.

A survey of the will shows that the testator wanted to conserve his property as far as possible, consistent with carrying into effect other purposes of his will. At his death, the personal property was not sufficient to pay the debts. Testator further made his insurance payable to his estate to be used in liquidation of debts, but this amount also, added to the personal property, was insufficient. To further reduce the drain on the estate, the wife, as executrix, was to receive a small salary, scarcely sufficient to keep her, and until 1930 she and her children were denied any right to participate in the estate, except for trifling bequests of jewelry. One of the testator's own children was of school age

when he died. To have forced liquidation on the death of the testator, with the widow claiming her rightful share, and costs and expenses of administration deducted, the two children, beneficiaries, if they received anything, would have received in all probability the balance of the estate. Knowing this situation, and, desiring to keep the estate together and do justice, as he viewed it, to all, the testator provided that such debts as he could control should be paid consistent with the preservation of his estate; he did not intend that this gift to the two children should be a part of the estate that was to be kept intact until 1930, nor did he intend to embarrass the estate by forced liquidation to pay a "debt" which arose from his conception of what was just.

To carry out testator's intention, these gifts, as debts, might well fall into a class by themselves, as to which the executrix, under the first clause of the will, has a discretion to pay consistent with the preservation of the estate. These payments should be sufficient, if possible, to satisfy the testator's intent, and at the same time should be of an amount not to unnecessarily embarrass or injure the estate. The discretion lodged in the executrix was not absolute, but is one that may be reviewed and supervised by the courts. The direction of the will to keep the estate intact until 1930, while it emphasizes the general thought that testator wanted his income used to pay off his debts, cannot be regarded as a restriction on any payment that has been directed by prior clauses of the will, or, as to this particular gift, on a part payment from time to time as the just and equitable requirements of the trustee for the children may demand, either to reimburse for past expenditures on account of the gift, or future ones as ordered by the will. The amount to be paid, and the time of payment are in the sound discretion of the court; interest, of course, cannot be allowed until the court fixes the time of payment.

The decree of the court below is modified with directions that it award a suitable amount to the petitioner to be paid at such time or times as the court may fix. As thus modified, the decree is affirmed, costs to be paid by the respective parties.