## Mayer's Estate.

Argued April 1, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, MAXEY, DREW and LINN, JJ.

*Russell R. Yost*, of *Graham, Yost & Meyers*, for appellants.

*Harry Doerr*, with him *W. Stephens Mayer*, for appellee.

OPINION BY MR. JUSTICE DREW, May 27, 1935:

The sole question involved in these appeals is whether the court below acted properly in refusing to allow interest upon two legacies to appellant as trustee for her son and daughter, strangers to the blood of testator, for the purpose of affording them a higher education. The material facts concerning the legacies are stated in our opinion on the former appeal in the cause, reported in 289 Pa. 407, and need not be repeated at length. It is sufficient to say that testator directed in his will that all just debts "consistent with the preservation of" his estate be paid as soon as possible after his death, that the legacies here in question should be considered "a just debt," and that his "estate [should] be kept intact until the year 1930, at which time [his] entire estate [should] be settled and divided." The residuary legatees were testator's widow and children, and the widow qualified as executrix.

Testator died in 1920. Some time after his death the trustee petitioned the orphans' court for immediate payment of the legacies to her children. That court refused the petition, holding that the legacies were subject to the provision postponing distribution of the estate until 1930. On appeal, we said: "It was stated at the bar of the court that, at the time of the death of the testator, the estate was scarcely solvent; and the executrix, to carry out the purposes mentioned in the will, was required to be very careful in the conservation and administration of the estate. . . . If this claim is held until 1930, or, on the other hand, if it be immediately liquidated, the probabilities are that his purpose will be frustrated. . . . To carry out testator's intention, these gifts, as debts, might well fall into a class by themselves, as to which the executrix, under the first clause of the will, has a discretion to pay, consistent with the preservation of the estate. These payments should be sufficient, if possible, to satisfy the testator's intent, and at the same time should be of an amount not to unnecessarily embarrass or in-

jure the estate. The discretion lodged in the executrix was not absolute, but is one that may be reviewed and supervised by the courts. . . . The amount to be paid, and the time of payment, are in the sound discretion of the court; interest, of course, cannot be allowed until the court fixes the time of payment." Accordingly, we modified the decree of the lower court "with directions that it award a suitable amount to the petitioner to be paid at such time or times as the court may fix."

After the record had been remitted, the orphans' court, on petition of the trustee, ordered the payment of a substantial portion of one of the legacies, for the reason that the child entitled thereto was of college age and the money was necessary to carry out the intention of testator concerning his education. Thereafter numerous other payments were made on both legacies, apparently without order of court, so that the entire face amount of one legacy, and all but $727.25 of the other, has now been paid. The present proceeding is upon a case stated to determine the amount remaining due on the legacies. The court below awarded to the trustee the amount of unpaid principal, with interest from the date of the decree, but refused to allow interest on either legacy except to that extent. The trustee appealed.

We are of opinion that the decree of the court below is right and must be affirmed. The only contention is as to what amount of interest is due upon the bequests. Appellant contends that under section 21 of the Fiduciaries Act of June 7, 1917, P. L. 447, the legacies began to bear interest one year after the death of testator. That section, however, simply provides that interest on pecuniary legacies shall (with certain exceptions not here material) begin to run from the expiration of one year from the death of the testator, "unless a contrary intention appear by the will." We are convinced that such a contrary intention does appear from a fair reading of this will as a whole, viewed in the light of the surrounding circumstances existing at the time of testator's death. It

is apparent on the face of the will that the preśervation of his estate for the benefit of his wife and children was testator's dominant purpose. He directed that the estate be kept intact until 1930, when it was to be settled and divided. He provided that his "just debts" (and he described these legacies as such) should be paid as soon as possible after his death, but only at such time as might be "consistent with the preservation of" his estate. The fact that at the time of his death the estate was scarcely solvent is plainly the explanation of these provisions. While there was no absolute prohibition of payments on the present legacies before 1930, the provision for postponement of distribution until that time, as we pointed out on the former appeal, evidences testator's intention that the income from his estate should be used to discharge his debts. It is obvious, as we there held, that it was not the intention of testator that his estate should be made insolvent by immediate payment of these legacies, and that his directions to his executrix for the preservation of his estate vested in her a discretion, subject to the supervision of the court, to determine the time of payment. Under these circumstances, the intention of testator was unquestionably that the legacies should bear interest only from the times fixed for payment under the discretionary power conferred by the will. No contention is made, or could be made, that payment of any part of either legacy was delayed beyond such time.

There is nothing in Vogt's Est., 297 Pa. 92, at variance with the conclusion we have reached. In that case we held that the legatees, children of the testator, were entitled to interest upon their bequests because no "contrary intention" appeared from the will or the surrounding circumstances. Likewise, in O'Leary's Est., 255 Pa. 521, there appeared no intention on the part of the testator to exempt from interest the legacies there involved. These cases in no sense conflict with our present decision.

The decree of the court below is affirmed, costs to be paid by the estate.