## Brittain's Estate

Before Van Dusen, P. J., and Stearne, Sinkler, Klein, Bolger and Ladner, JJ.

The facts appear from the adjudication of

SINKLER, J., auditing judge. — Mary A. Brittain died July 27, 1939, a widow, without issue, leaving a will and eight codicils thereto. . . .

Testatrix made a specific bequest to her brother, Robert Dallas, if living (he predeceased her), and left the residue of her estate in trust to pay the income to her brother, Robert Dallas, for life, and on his death (he predeceased her), made six money bequests and provided that the residue of her estate should be paid "to and among charitable and religious organizations named as legatees in sub-paragraphs (a), (b), and (c) of this paragraph 2 of clause *third* of this my will, and such of the individuals named as legatees in sub-paragraphs (d), (e), and (f) of this paragraph 2 of clause *third* of this my will, as may then be living, in the proportions that their respective legacies, as provided for in said sub-paragraphs, bear to the aggregate amount of such legacies."

Testatrix by her codicil dated June 13, 1933, exercised the power of appointment given her in the will of her brother, Robert Dallas. The provisions of this codicil are

immaterial here because none of the appointed estate is here accounted for.

By codicil dated May 1, 1934, testatrix made an additional money bequest and provided the legatee should share in the residue as provided in the will.

By codicil dated June 23, 1936, testatrix made an additional money bequest and provided the legatee should share in the residue as provided in the will.

By codicil dated May 23, 1938, she made a money bequest to Ethel S. Murphy of $250, made a money bequest to Emma Brandenberger of $250, and made further provision with respect to the payment of estate, inheritance, and succession taxes.

By codicils, two writings dated May 21, 1937, she made specific bequests to Dr. Winslow Drummond and to Mr. Wm. A. Nickert, named in the petition for distribution William A. Nickert. These writings are in decedent's handwriting, witnessed by Ethel S. Murphy, and following the signature of the witness on each are the words: "and anything else he may wish."

By codicil dated October 7, 1938, in testatrix's handwriting, witnessed by Ethel S. Murphy, testatrix made a specific bequest to Mrs. Winslow Drummond.

By codicil, an undated writing of decedent, witnessed by Mrs. C. Muriel White, testatrix provided: "It is my wish at my decease that my Martha Washington sewing table be given to Ethel S. Murphy also my writing desk and anything else she may wish."

The petition for distribution notes a claim by Mrs. Murphy as follows: "Mrs. Murphy has notified the executors that under this codicil she 'wishes' and 'claims' the entire estate excepting only (i) furniture and jewelry specifically bequeathed and (ii) such part of the cash as may be needed to pay taxes, administration expenses and pecuniary legacies of specified sums aggregating $21,000. The executors deny the claim. All parties who will be affected if the claim is allowed have been notified that it will be presented at the audit."

At the audit testimony was taken over objection.

Mr. Block, representing claimant, contends as follows:

In the conversation she had with testatrix she attributed to the latter a statement that she had made "small" bequests by holographic codicils. The court stenographer transcribed the word thus. Claimant contends that this is an error, and that she actually said "some" bequests, which is in accordance with the recollection of Mr. Block and Mr. Fleisher. The court stenographer and the other court attaches are confident that "small" is the word that claimant used, and the former, from an examination of his stenographic notes, is sure that he correctly read them. Mr. Latta, for the accountants, and Mr. Clothier, for one of the legatees under the will, agree that the word used was "small".

Mr. Block wished to produce claimant to correct her testimony. He will not be permitted to do so. What has transpired is above related, and, while sustaining the court stenographer in the correctness of his transcript, we shall consider the word used as "some" for the purpose of the adjudication.

The words relied upon as constituting a bequest of the entire residuary estate are found in the final codicil, which makes a specific bequest to claimant of testatrix's Martha Washington sewing table and writing desk "and anything else she may wish". If this codicil is read in conjunction with the statement attributed to testatrix, that she had made "some" bequests by codicils in her own handwriting, the words to be construed as part of the entire testamentary plan set forth in the will and codicils are taken to mean "anything else she may desire ejusdem generis, that is, household articles, personal effects or furniture."

The residuary clause in the original will is formally and somewhat elaborately drafted, as is the entire will. The will is typed and contains three pages; the first four codicils are likewise formally drawn, typed, and each contains one page.

It is to be noted that in the four formal codicils, the first exercises a power of appointment, the next two make money bequests and give a share in the residue of the estate on the same basis as was provided in the original will. The fourth codicil, formally executed and drawn, gives Mrs. Murphy a money legacy, but significantly it does not give her any interest in the residue. This codicil was drawn May 23, 1938.

The ensuing four codicils are holographic, and each of them contains a specific bequest of some article or articles of furniture or personal effects. The first of these holographic codicils, which bequeaths her piano and lamp and couch to Dr. Winslow Drummond, contains the words, "And anything else he may wish", which are evidently of no testamentary effect as following the signature. Had these words preceded the signature, they could have been construed only as permitting the legatee to select such other articles among testatrix' personal and household effects as he might desire, and not as giving him the right to select the entire estate, consisting as well of personal and possibly real property.

The second holographic codicil, giving "the large picture with the two boys" to Mr. Wm. A. Nickert, contains identical words in similar position—"and anything else he may wish."

It is also to be noted that the two holographic codicils giving legacies to Dr. Drummond and Mr. Nickert, in which testatrix added the words "and anything else he may wish", were both executed May 21, 1937, over a year before the formally drawn codicil in which she only gave Mrs. Murphy a money legacy, and more, no provision for her to share in the residue.

The third holographic codicil contains a bequest of a pin and ring to Mrs. Winslow Drummond, without the words above quoted.

Neither the first two holographic codicils nor the final one, under which claimant asserts her right to the entire estate, can be construed as a revocation of the formal

residuary clause of the will by an unusual phrase in one of a series of four codicils which relate only to personal or household effects.

It is hornbook law that a codicil is ordinarily merely to modify or add to, and not revoke a will. It is only permitted to change the will to the extent that it is inconsistent with it. The claim is, therefore, refused except as to such items as she has claimed which are ejusdem generis, that is, household articles, personal effects, or furniture.

Payment of transfer inheritance tax in the sum of $9,500 on October 18, 1939, was duly vouched.

*Manuel Fleisher* and *Gordon A. Block*, for exceptant.

*Edmonds, Obermayer & Rebmann*, for Northeastern Hospital of Philadelphia, contra.

*Alfred R. Haig*, for Dr. Winslow Drummond, contra.

*Mark Willcox, Jr.*, and *Cuthbert H. Latta, Jr.*, for executors, contra.

VAN DUSEN, P. J., November 8, 1940.—The exceptions are dismissed for the reasons given by the learned auditing judge.

Exceptant presses upon us Arnold's Estate, 240 Pa. 261. That was a home-made will with no possible residuary clause other than the phrase "my jewelry and other personal things", and the word "things" was used only once. In the present case we have a full and complete will with a residuary clause. We also have annotations upon other codicils written by testatrix herself in which also she refers to "anything else" in connection with household effects.

All that Arnold's Estate, supra, holds is that such a vague word as "things" may appear to have been used in a special sense by a particular testatrix. It does not follow that Mrs. Brittain used a similar word in a special sense because Mrs. Arnold did so, and we agree with the finding of fact which was substantially made by the auditing judge, resting upon the context in the annotations to the codicils and the existence of a full residuary clause

elsewhere, that she did not so use it. A conclusion similar to the one we have arrived at was the basis of the judgment in Hent's Estate, 19 Dist. R. 303, though it does not appear in that case that there was any extrinsic evidence of any special use of the word in question by testatrix.

The adjudication is confirmed absolutely.