J-A13005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF JOHN E. BORZIK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF MARK BATIS | |
| | No. 1691 WDA 2014 |

Appeal from the Order September 15, 2014
In the Court of Common Pleas of Greene County
Orphans' Court at No: O.C. No. 62, 2014

BEFORE: PANELLA, J., SHOGAN, J., OTT, J.

MEMORANDUM BY PANELLA, J.                        **FILED JULY 24, 2015**

Appellant, Mark Batis, seeks review of the Order entered by the Court of Common Pleas Ophans' Court division denying his petition in which he sought a declaration that a trailer is a "Recreational Vehicle" ("RV"). We affirm.

John Borzik ("Decedent") died on September 11, 2011. His will, executed in 2007, includes eight separate paragraphs bequeathing specific property to eleven named individuals. Most relevant to this dispute are the following clauses.

### Article IV

I give and bequeath any archery equipment and any RV, licensed or unlicensed, that I may own at the time of my death to MARK BATIS provided that he survives me. In the event he is not living at the time of my death, then bequest shall go to his son, BO BATIS.

**Article V**
I give and bequeath all other vehicles, licensed or unlicensed, including motorcycles and ATV's, all of my tools, and all personal computers and computer equipment, to my son, JOHN BORZIK. In the event that he does not survive me, then this bequest shall lapse and become a part of my residuary estate.

* * *

**Article X**
I give, devise, and bequeath all of the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind and nature, at whatever time acquired by me, and wheresoever situated, including household furniture and contents, and property over which I have testamentary power of disposition or appointment, to my three children, JOHN BORZIK, JAMIE BORZIK, and KRISTEN BORZIK, equally, share and share alike. In the event that any of my children should predecease me, then that share shall go to my surviving children, equally, share and share alike.

Last Will and Testament of John Borzik, dated 12/21/07.

At the time of his death, Decedent owned a 2008 Freightliner RV, which he had purchased in January 2008, and a "toy hauler/SP Construction Trailer," purchased in October 2008. Each vehicle had its own certificate of title. At some point, he had had the trailer painted to match the RV. There was no dispute that Batis inherited the RV pursuant to Decedent's will. However, Batis assumed the trailer was part of the RV. The Estate disagreed.

On June 20, 2014, Batis sought a declaration from the lower court that the trailer and the RV together comprised one unit that had been bequeathed to him. The orphans' court held a hearing, at which Batis

proffered photographs of the trailer attached to the RV. The court denied Batis's petition, concluding, "the trailer is in no way an integral part of the RV. The RV is complete and entire without it." Orphans' Court Opinion, dated 12/2/14, at 4.[1] The court concluded, "[t]he trailer, like all the rest of [D]ecedent's similar property not specifically mentioned, falls into residue [*sic*] of his estate." After the denial of his motion for reconsideration, Batis timely appealed to this Court.

A legatee may petition for a declaration of rights to determine any question arising in the administration of an estate, including questions of the construction of a will. **See** 42 Pa.C.S. § 7535(c). Our standard of review in a will contest is limited to determining whether the court's findings of fact are supported by sufficient evidence and whether the court abused its discretion or committed an error of law. **See In re Estate of Philbin**, 808 A.2d 584, 586 (Pa.Super. 2002).

While Batis concedes that the RV and the trailer are separate pieces of property, he avers that the evidence was insufficient to support the orphans' court's decision because "[n]o evidence was produced by the Estate that the trailer was ever used for a purpose other than in conjunction with the RV." Appellant's Brief at 9. Batis avers further that the court may consider parol

_____

[1] Evidence showed that "nothing prevents the RV from towing other trailers and nothing prevents the trailer from being towed by other motor vehicles." Orphans' Court Opinion, dated 12/2/14, at 3.

evidence when "the controversy is … not the intention of the testator but rather the object to which the intention applies." Appellant's Brief at 8 (citing *In re Arnold's Estate*, 87 A. 590 (Pa. 1913)).

A testator's intent is ascertained from (1) all of the language contained in the four corners of his or her will; (2) the scheme of distribution; (3) the circumstances surrounding him or her at the time the will was made; and (4) the existing facts. *See In re Burleigh's Estate,* 175 A.2d 838, 839 (Pa. 1961). "Courts are not permitted to determine what they think the testator might or would have desired under the existing circumstances, or even what they think the testator meant to say." *In re Estate of Harrison*, 689 A.2d 939, 943 (Pa. Super. 1997) (citations omitted). Where the will is unambiguous, the court may not admit parol evidence but may hear argument relating to the testator's intent. *See In re Estate of Dex*, 596 A.2d 1143, 1146 (Pa. Super. 1991).

Batis relies on *In Re Arnold's Estate*, in asserting that it is the trailer's *use*, not the testator's *intent*, that should be considered in construing Borzik's will. *Arnold* is inapplicable. There, the testatrix left a holographic will giving her jewelry and "other personal *things*" to her two sisters. The orphans' court admitted evidence that showed that the testatrix habitually referred to her property which was in the hands of a trust company, as her "things," and concluded that the testatrix intended by those words to give to her two sisters all her property which was in the possession

of the trust company. Our Supreme Court agreed, noting, "[t]his evidence was not to show the intention of [the testatrix], but to fathom the exact meaning of the words she employed; that is, it was not offered to prove directly what the testatrix meant, but to show the precise meaning of her words, so that her intention might be deduced therefrom." 87 A. at 591.

*Arnold* does not support Batis's bold contention that the use of the object, not the testator's intent, is dispositive in interpreting a will. Rather, *Arnold* supports the well-settled principle that a decedent's intention is to be ascertained from the meaning of the words used in the will.

Here, Decedent was quite specific in his bequest to Batis, giving him "any archery equipment and any RV, licensed or unlicensed[.]" Last Will and Testament, Article IV. There is no ambiguity in those words. Moreover, there is no other term or clause in the will that could be construed to mean that Decedent intended to leave Batis the trailer. As the orphans' court observed: "[T]he will specifically disposed of many items of personal property but not all," and the trailer, like all the rest of [D]ecedent's similar property not specifically mentioned, falls in residue of his estate." Orphans' Court's Opinion, dated 12/2/14, at 4.

Our review of the record indicates that sufficient evidence supports the orphans' court's determination. We conclude the court properly exercised its discretion and committed no errors of law in denying Batis's petition.

Order affirmed. Jurisdiction relinquished.

J-A13005-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015