E. F. AYDLETT, Administrator, v. J. W. SMALL et al.

(Two cases, the controversy in the two appeals being between adverse defendants.)

*Will, Construction of— Undivided Interest in Another's Estate.*

1. Inasmuch as a will speaks as of the time of testator's death, a devise by O. of her "undivided interest and property in the estate of the late G. C." passes no such part of the distributive share in such estate as has been collected and received by O., for, immediately upon its payment to O., it became her property, and ceased to be a part of the estate of G. C.

2. It is otherwise as to such portion of the proceeds of the sale for partition of G. C.'s lands as had not been collected by the commissioner at the date of O.'s death, since the words, "my undivided interest and property in G. C.'s estate," include whatever property her executor could lawfully demand only because his testatrix was an heir or devisee of G. C.

This was a PETITION by E. F. Aydlett, Administrator *d. b. n., c. t. a.,* of Mary E. Overman, instituted in the Superior Court of PASQUOTANK County, for a settlement of the estate of the testatrix, heard before *Armfield, J.,* at May Term, 1894, of said Court, upon exceptions to the report of the Clerk of the Superior Court.

Succinctly stated, the facts were as follows:

Mary E. Overman died on the 18th December, 1891, leaving a last will and testament, dated 17th January, 1888. In the second, third, fourth and fifth items she used this language: "I give, devise and bequeath to * * * one-fourth of all my undivided interest and property in the estate of the late G. W. Charles."

The residuary clause (item sixth) is as follows: "All of the balance and residue of my estate, of every kind and description, real estate, notes, bonds, accounts, choses in action, personal property, household and kitchen furniture, I give, devise and bequeath unto my beloved grandchildren, the said Penelope P. Burgess and George O. Burgess, and their heirs in fee simple forever."

A tract of land belonging to the estate of Geo. W. Charles had been sold for partition among his heirs or devisees, and of the one-third of the purchase-money collected by the Commissioner, $943.95 had been paid to Mary E. Overman, the testatrix, on the 16th day of December, 1891, as her share of the said one-third, and was deposited by her in bank. The balance of the purchase-money was collected shortly after her death, and the share to which the testatrix was entitled ($1,898) was paid to her executor.

The Court, holding that nothing appeared to the contrary by the will, construed the will to speak and take effect as if it had been executed immediately before the death of the testatrix (*The Code*, § 2141), and adjudged:

1. That, as there had been a sale of the property under order of the Court, and as the Commissioner had received the first payment on the purchase-money, and paid over to the testatrix her share thereof, to wit, the $943.95, before her death, the amount so paid to her, although it could be traced and identified, had been divided before her death, when the will spoke and took effect, and did not, therefore, pass under the words, " undivided interest and property."

2. That the defendants, other than the Burgess children, had no interest in the $943.95 under the will.

3. That the $943.95 belonged to the said Burgess children, under the residuary clause in the will.

4. That, as the balance of the purchase-money had not been paid to the Commissioner, and her share thereof, to-wit, the $1,898, had not been paid over to the testatrix before her death, there had been no division before her death, when the will spoke and took effect, and the $1,898, which was paid to her executor after her death, passed to all of the defendants under the will, and the other defendants, as well as the Burgess children, had an interest therein, as per the provisions thereof.

The defendants, other than the Burgess children, excepted to this judgment, in that they were not also declared entitled to a share of the $943.95, as well as of the $1,898. The Burgess children also excepted, because they were not declared entitled to the whole of the $1,898.

Appeal by both classes of contesting defendants.

*Messrs. Grandy & Aydlett*, for defendants.
*Messrs. Geo.* and *P. P. Burgess, J. H. Sawyer, contra.*

BURWELL, J.: These appeals require us to construe the will of Mary E. Overman, which was written in 1888. She died in December, 1891. It must be considered as speaking at the date of her death, when it took effect, there appearing in the will no reason why the words used by the testatrix should not be so interpreted.   *The Code*, § 2141.

The words to be construed are these: "All my undivided interest and property in the estate of the late George W. Charles." The testatrix was one of the heirs at law and devisees of said Charles.

It does not seem to us that any property that she had actually received and appropriated from the estate can be said,

with any propriety, to be a part of her "interest and property in the estate of the late George W. Charles." Whenever an administrator pays to a distributee of the estate a part of his share, the distributee's "interest and property" in the estate is reduced *pro tanto*. When he has paid all the share, the distributee's "interest and property" in the estate is destroyed. Prior to the payments the right to demand and receive the distributive share belonged to the estate of the distributee. The money belonged to the estate of the intestate. As soon as the payment was made the money became *eo instanti* a part of the estate of the distributee, and ceased to be a part of the estate of the intestate. Hence, the sum of money ($943.95) which the testatrix had to her credit in bank at the time of her death, when, as stated above, her will speaks, constituted no part of her "interest and property in the estate of the late George W. Charles." It had been paid to her because she was one of the heirs and devisees of said Charles, but, when paid, it ceased to be, in any sense, a part of the Charles estate. This seems clear. And it seems even more evident that this sum, after it was received by her, constituted no part of her "*undivided* interest and property" in that estate. True, it is very evident that she got this particular money from the Charles estate; but the phrase under consideration cannot be held to include it.

We think, however, that those words do cover that portion of the proceeds of the sale of the Charles land which had not been collected by the Commissioner at the time of her death, and which was thereafter paid to her executor. She had consented that the land might be sold for partition; that it might be sold and the proceeds divided among the heirs and devisees of George W. Charles. The sale had been made, but the division of the proceeds was not finished. Had she lived, she would have taken a share of the balance of the purchase-money in her character as heir and devisee of Geo. W. Charles.

Speaking at her death by her will, she declared her intention as to all her "undivided interest and property in his estate." The words include whatever property her executor could lawfully demand only because his testatrix was one of the heirs or devisees of Charles. His title to the money in the bank ($943.95) needed no other support than the fact that he was the executor of her will. His right to demand of the Commissioner a share of the proceeds of the sale of the land rested necessarily on two facts, his executorship and the fact that she was an heir and devisee of Charles.

Affirmed in each appeal.