# Gibbons's Estate.

*Will—Personal property—Restricted meaning—Cash.*

Testatrix having cash in bank at the time of her death, and leaving to survive her two sons and two daughters, gave by her will articles of jewelry to each of her two daughters, and then gave and bequeathed equally to the daughters all her "household goods, wearing apparel and personal property."  In the following clause she directed her executors

to sell the remainder of her estate either at public or private sale for cash, and divide and distribute the same "equally among my four children," naming them. *Held* (1), that the words "personal property" should be given a restricted meaning, and limited merely to articles of a personal character, of the same species as those mentioned in the preceding part of the gift to the daughters; (2) that the words "personal property" as used in the will did not include cash in bank; and (3) that the sons were entitled to share equally with the daughters in the distribution of the cash in bank.

Argued Jan. 15, 1909. Appeal, No. 224, Jan. T., 1908, by Catherine A. Connor, from decree of O. C. Phila. Co., dismissing exceptions to adjudication in Estate of Catharine Gibbons, deceased. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication of PENROSE, J.

From the record it appeared that testratrix died December 23, 1903, leaving to survive her two sons and two daughters. At the time of her death she had cash on deposit $1,750.39, and personal effects such as jewelry and furniture. She also possessed real estate. By her will she directed, inter alia, as follows:

"Fifth.—I give and bequeath my gold watch and chain and piano to my said daughter, Catherine A. Connor, and I give and bequeath my diamond earrings to my daughter Cecilia C. Curran and all my household goods wearing apparel and personal property I give and bequeath equally to my said daughters Catherine A. Connor and Cecilia C. Curran.

"Sixth.—I order and direct my Executors hereinafter named to sell the remainder of my estate either at public or private sale for cash and divide and distribute the same equally among my four children, Viz.: John J. Gibbons, Catherine A. Connor, Cecilia C. Curran and Charles J. Gibbons."

The auditing judge distributed the cash in the bank amongst the four children, share and share alike.

Catherine A. Connor excepted to the adjudication.

ANDERSON, J., filed the following opinion:

Very little can be said in addition to the opinion of the audit-

ing judge.   While it is true the words "personal property"
prima facie include all except the real estate, it has been held
that where such general words are used or placed in the same
sentence with other words, describing a peculiar kind of prop-
erty, such as household furniture, articles of jewelry, etc., and
in such a connection as to show that the general words convey
to the mind not the intent to give them their widest meaning,
but simply as comp ehending the character of things given in
the other part of th. ; sentence, their meaning will be so re-
stricted: Lippincott's App., 173 Pa. 368, cited by the auditing
judge; Rawlings v. Jennings, 13 Vesey, 39; Hotham v. Sutton,
15 Vesey, 319; Bouvier's Law Dict., Title "Effects;" Roper on
Legacies, 210.

Great stress was laid at the argument upon the fact that in the
next clause of the will testatrix directed the rest of her property
to be sold, and the cash distributed among her four chiidren,
and as the fund in dispute was already cash, it could not have
been intended to be carried by this language.   To our minds,
however, these two items of the will taken together show clearly
that it was not the intention of the testatrix, in her gift to her
daughter, to include money, as it is evident her thought was
to turn into money whatever estate she had, except her per-
sonal belongings, and to divide the cash thus produced among
her children equally.   While it is true a conversion was not
necessary where a part of the property was already in money,
yet it is not inconsistent with the thought that it should all
be divided equally; the general intent being to sell that which
was required to be sold and to add to it the money already on
hand.   As was said by Judge GORDON, in Appeal of the Boards
of Missions, 91 Pa. 507, "What is this after all but a mere
direction to sell what is salable?   And if part of that estate
comes to the executors in the shape of money, what then?   It
need not be sold, that is all.   The testator, for the benefit of
his donees, directed that his entire residuary estate should be
converted into money, but if part of it is found in the shape of
money, it needs no conversion, and surely not the less does it
pass to the legatees."   This case is similar to the present one,
in the fact that the fund was realized after the death of the

decedent, and is a complete answer to the argument that testatrix could not have intended to include that part of the estate already in cash.

The exceptions are dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*Daniel C. Donoghue,* for appellant.—The testator did not intend to order and direct her executors to sell cash for cash, at public or private sale, nor is it reasonable to assume that she intended a debt due her by her son to be sold for cash at public or private sale. She had, in the fifth paragraph of the will, already used apt words for the disposition of her cash and debts due to her: Hunter's Est., 6 Pa. 97; German v. German, 27 Pa. 116; Heineman's App., 92 Pa. 95.

It is certainly an established canon of construction that in doubtful cases it is safest to adhere to the technical meaning of words on the primary presumption that the testator used them in that sense: Fetrow's Est., 58 Pa. 424; Doebler's App., 64 Pa. 9; France's Est., 75 Pa. 220; Porter's App., Eberle's Est., 94 Pa. 332; Ihrie's Est., 162 Pa. 369.

*John J. Green,* and *Joseph P. McCullen,* for appellee were not heard, but cited in their printed brief: Turbett v. Turbett, 3 Yeates, 187; Lewis's App., 108 Pa. 133; Rawlings v. Jennings, 13 Vesey, 39; Hotham v. Sutton, 15 Vesey, 319; Bouvier's Law Dict., Title, "Effects;" Roper on Legacies, 210; Lippincott's Est., 173 Pa. 368.

PER CURIAM, March 8, 1909:

The decree is affirmed on the opinion of the learned judge of the orphans' court.