## McGlathery's Estate.

352

Argued April 20, 1933. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*Frank Bechtel, Jr.,* with him *Andrew J. Schroder, 2d,* and *Albert T. Hanby,* for appellant.

*Kenneth H. Lanning,* with him *Maurice Heckscher,* of *Duane, Morris & Heckscher,* for appellee.

OPINION BY MR. JUSTICE LINN, May 22, 1933:

Appellant contends that the learned court below erred in excluding from the meaning of the words "personal property," in the sense and the connection in which they were used by the testatrix, a half interest in an $11,000 mortgage, not possessed by testatrix when her will was

made, but bequeathed to her by her sister who died subsequently.

Testatrix died February 29, 1932, unmarried and without issue. Her will was duly proved a few days later. In it she provided as follows: "Second: I give and bequeath unto Gertrude Graves, now residing at 15 South 59th Street, Philadelphia, Pa., all my personal property including jewelry, clothing, etc., and in addition thereto, I bequeath unto the said Gertrude Graves, her heirs, executors and assigns, the sum of three thousand ($3,000) Dollars; she, however, to pay my funeral expenses and to stone up my grave after my burial, and I desire to be buried in Riverview Cemetery, Trenton, New Jersey, beside my husband.

"Third: I give, devise and bequeath unto my cousin, Elizabeth Coleman, now residing at 248 So. 44th Street, Philadelphia, the sum of Fifteen hundred ($1500) Dollars. Should she predecease me, I direct that the bequest of $1500 revert to Gertrude Graves hereinbefore mentioned.

"Should both Elisabeth Coleman and Gertrude Graves predecease me, I give, devise and bequeath the residue of my estate to Anna Conologue, of 1520 Orland Street, West Oak Lane, Philadelphia, Pa."

In disposing of the contention made by appellant, we cannot improve on what was said by the learned auditing judge when the matter was before him. We therefore adopt the following from the adjudication by GEST, J.

"Gertrude Graves and Elizabeth Coleman are living. The sole next of kin of the testatrix, entitled in the event of an intestacy of the residuary estate, is her sister, Rolinda Coleman. The inventory and appraisement shows that the testatrix died possessed of a mortgage secured on premises at Asbury Park, N. J., $5,500; cash on hand $50; bedroom suite and rug $40; clothing $60; jewelry $25; U. S. Postal Savings $904.50; and cash, Philadelphia Savings Fund Society, $3,699.02, aggre-

gating $10,278.52. While the inventory includes the Asbury Park mortgage, it appears that it was a one-half interest in a mortgage of $11,000. By stipulation of counsel [contained in the record] it was agreed that when the testatrix made her will, on February 10, 1930, she did not own the Asbury Park mortgage. This mortgage was bequeathed to her by the will of her sister, Arrietta Coleman, who died February 18, 1931, and was assigned to her by Rolinda Coleman, executrix of Arrietta Coleman, on October 29, 1931, and delivered to the testatrix on February 11, 1932, which was about two weeks before her death.

"The......balance for distribution is composed...... as follows: Asbury Park mortgage $5,500; bedroom suite and rug $40; clothing $60; jewelry $25; cash and deposits $3,042.46; total $8,667.46.

"The question raised at the audit concerned the construction of the bequest to Gertrude Graves of 'all my personal property including jewelry, clothing, etc.' Gertrude Graves claimed that this included the Asbury Park mortgage, which appears in the balance for distribution as being 'personal property.' Rolinda Coleman claimed that the mortgage was not included in the bequest but that it fell into the general residue of the estate to which she was entitled as next of kin, inasmuch as the will disposed of the residuary estate only in the event that both Elizabeth Coleman and Gertrude Graves should predecease her, which event did not happen.

"Personal property, generally speaking, means, it is true, everything except real estate, and 'all my personal property' likewise would mean in general all the personal property of the testatrix which she owned at the date of her death. If the will therefore had simply given 'all my personal property' to Gertrude Graves, she would undoubtedly have been entitled to the Asbury Park mortgage, or rather the interest of the testatrix therein: Section 9, Wills Act of 1917. But it may be argued that to assist in the construction of the will the court should

take into consideration the amount and character of the property of the testatrix when she made her will: Postlethwaite's App., 68 Pa. 477, or, to quote the familiar language of JAMES, L. J., in Boyes v. Cook, 14 Ch. Div. 56, you may place yourself, so to speak, in the testator's arm chair and consider the circumstances by which he was surrounded when he made his will, to assist you in arriving at his intention. Jarman on Wills, 7th ed., 749, discusses the subject.

"Now, when the testatrix made her will, she did not own the Asbury Park mortgage. She had only, as it would appear, household furniture, clothing and jewelry worth $125, U. S. Postal Savings, amounting, at the time of her death, to $904.50, and cash in Saving Fund Society $3,699.02. At least that was the condition of her estate at her death two years after she made her will, and, so situated, she bequeathed to Gertrude Graves all her personal property 'including jewelry, clothing, etc.' The words 'et cetera' following the enumeration of the particular thing, jewelry and clothing, are confined to articles ejusdem generis only and the household furniture would pass under the bequest: Baraby v. Tassell, 11 Equity 363; Newman v. Newman, 26 Beavan 220. The meaning of 'including' is somewhat ambiguous. It has sometimes been interpreted to express the idea that the thing included constitutes a part only of some other things, and inserted ex majore cautela, or it may be used as a word of enlargement in the sense of 'also.' Generally, however, it is not a word of limitation; but little help can be derived from the decisions on this point. The testatrix doubtless thought that she was specifically disposing of all her estate, personal effects, etc., being ejusdem generis, to Gertrude Graves, while the $1,500 bequest to Elizabeth Coleman and $3,000 to Gertrude Graves would just about equal the money she had, and, naturally enough, she charged the $3,000 bequest with her funeral expenses, etc., which, necessarily, would be charged against her estate. The use of the general term

'personal property' would, as above stated, include all her personalty in a strict legal meaning, but the following gift to Gertrude Graves, is, in my opinion, conclusive of the question, for she proceeds 'and in addition thereto I bequeath unto the said Gertrude Graves the sum of three thousand dollars, she, however, to pay my funeral expenses,' etc. Now, the prior gift being of 'all my personal property,' it is in my opinion impossible to hold that the gift of $3,000, 'in addition thereto,' did not, in its express language, indicate something else besides the gift of all her personal property including jewelry, clothing, etc., because the words 'in addition thereto,' clearly referred to something besides that which had already been given. If she had already given her personal estate to Gertrude Graves, why should she say 'in addition thereto?' There is no residuary bequest or rather the only resduary bequest is to Anna Conologue, but only in the event that both Elizabeth Coleman and Gertrude Graves should predecease her, and, that event not having occurred, it would be stretching the language of the will too far to hold that she intended to give her residuary estate to Elizabeth Coleman and Gertrude Graves if they survived her.

"...... It frequently happens that a testator disposes in his will of everything that he possessed when he wrote it, and afterwards acquires additional property, not in his contemplation at the time, but this, in the absence of an effective residuary bequest, must go to the next of kin. Schmidt's Est., 183 Pa. 641, 38 A. 1086, is much in point. See also Gibbons's Est., 224 Pa. 37, 73 A. 183."

Decree affirmed, costs to be paid out of the fund for distribution.