## Whitmore's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

The facts appear from the adjudication of

SINKLER, J., Auditing Judge.—Carolyn H. Whitmore died April 20, 1932, leaving a husband, Sidney Whitmore, and a will duly probated which is as follows:

"1. I want to be buried in Mamma's lot at Arlington Cemetery.

"3. I want my near friends, the Daleys, Clem and Anne,—the Loxleys, Mrs. Mahy, Birdie, Minna, Susan, to have a book or books or a piece of china, etc., as they may choose to select as a part of the things I liked so much.

"2. I want the oak Barometer in the hall to be returned to Benjamin Rhees Loxley, 566 South Catalina Avenue, Pasadena, California, or any one else designated by him, as soon as possible after my decease, it being only loaned to me for life or until I should return it to the son of my late friend, Benjamin Ogden Loxley.

"4. I wish my husband, Sidney Whitmore to keep my engagement ring and my small diamond circle ring given me by Mr. George Rex, deceased, to be disposed of as he may decide himself, but I wish him to keep my topaz pendant and topaz chain which he gave me and if he ever has a daughter to give them to her when she comes of suitable age to wear them, my wrist watch likewise. Of my other jewelry, I want Florence to have Auntie's cuff buttons and gold pencil.

"Sidney may dispose of the pieces of lesser value among the English relatives if he sees fit.

"5. I want Sidney to have the use or disposal right of everything else I own, furniture, clothing, silver, or whatever it may be.

"6. Also, all income due and coming to me from the Estate of my sister, Jeanne Louise English, and to be paid the amount of money or its equivalent, which would be mine when the estate would be divided in 1928.

"CAROLYN H. WHITMORE.

"February 28, 1923."

. . . . . . . . . . . . . . . .

Mr. Guerin, representing the brother and sister of the decedent, contends that there is no residuary clause of the will effective to transfer securities and money, and that the estate is therefore distributable under the intestate laws, his clients then being entitled to one fourth each in the balance for distribution. His brief of argument displays much ability. He argues that the words used in the fifth clause of the will "or whatever it may be" must be construed to include only articles ejusdem generis. He also argues the undoubtedly sound principle of law that the heirs are not to be disinherited except by express words or necessary implication. He cites Howe's Appeal, 126 Pa. 233, Levy's Estate, 161 Pa. 189, Lippincott's Estate, 173 Pa. 368, and Schmidth's Estate, 183 Pa. 641. He argues that the whole will shows an intention to dispose only of gifts of a personal nature to her relatives and intimate friends, that the greater part of her estate was acquired from her deceased sister, Jeanne Louise English, and that the testatrix intended that her brothers and sisters should have a share in her property. The fifth clause of the will, he argues, is ineffective by reason of the fact that the property therein referred to was actually acquired by the testatrix in her lifetime, citing Page on Wills (2d ed.), sec. 832, Aydlett, Admin'r, v. Small et al., 115 N. C. 1, and In re Tillinghast, Exec'r, 23 R. I. 121.

Mr. Morris and Mr. McGrath, representing the surviving husband, have likewise presented to me a well-prepared brief, citing Dorris's Estate (No. 1), 63 Pa. Superior Ct. 345, Reimer's Estate, 159 Pa. 212, Thompson's Estate, 234 Pa. 82, and Brown's Estate, 289 Pa. 101. They argue that the rule of law relied upon by Mr. Guerin, that words such as are used in the fifth paragraph of the will include only articles ejusdem generis, does not apply to the use of such words in the residuary clause of the will. They also cite authorities in support of their contention that the gift of the use and disposal of property constitutes an absolute gift, citing Witmer v. Delone, 225 Pa. 450, Fidelity Trust Co. v. Bobloski, 228 Pa. 52, and other authorities. Counsel rely upon the well-established principle of law that a gift of an absolute interest is not to be cut down by subsequent words unless there is a clear intention to reduce the gift, citing Cross et al. v. Miller, 290 Pa. 213, and other cases.

The presumption that where a person legally qualified to make a will undertakes to exercise that privilege he intends to dispose of all his property and not to leave a case of partial intestacy, is based upon an equally well-established principle of law.

In looking at the whole will, the general intent of the testatrix is manifest. By the second paragraph, erroneously numbered 3, she gives to her intimate friends some personal belongings as a token of her affection. The bequests of personal belongings in the fourth paragraph of the will are to her husband and to Florence, her sister. The general intent of the fifth and succeeding paragraph is unmistakable. She wished her husband to receive everything else of which she died possessed, of whatsoever character. The argument presented on behalf of the husband prevails.

In Arnold's Estate, 240 Pa. 261, cited by Mr. Morris, the words "My jewelry and other personal things, are to be divided equally among my two sisters" were held to include all the personal property of the testatrix, including cash and securities in bank.

In Miller v. Boyd et al., 8 D. & C. 52, a decision of the late Judge McCullen of the Court of Common Pleas of this county, it was held that the word "belongings" may comprehend any and all property including real estate. He recognizes the principle of law that ejusdem generis is rarely applied to restrict the meaning of language contained in a residuary clause or to promote an intestacy.

Paragraph six of the will leaves no doubt as to the intention of the testatrix respecting the estate which she expected to receive from her deceased sister. It removes any doubt likewise as to the intention of the testatrix to dispose of all that she possessed in favor of her husband, except the few specific bequests which I have referred to.

*Charles L. Guerin*, for exceptant.

*Edward J. McGrath* and *Roland S. Morris*, contra.

LAMORELLE, P. J., June 30, 1933.—The question involved as stated by exceptants, a brother and sister of testatrix, against whom and in favor of the surviving husband the auditing judge decided, is thus stated in the paper book:

"Where a will containing no residuary clause affects to make a gift of everything and in the same sentence expressly and immediately follows the gift by a description of particular kinds of property, is the gift not limited to the class designated, with a resultant intestacy as to the remainder of the property of testatrix?"

The auditing judge in a convincing and comprehensive opinion, with many citations of authority in point, held that the clause following: "5. I want Sidney to have the use or disposal right of everything else I own, furniture, clothing, silver, or whatever it may be", *is* a valid disposition of the entire residue and therefore a residuary clause; and in this construction we all concur.

Accordingly, all exceptions are dismissed and the adjudication is confirmed absolutely.