## Reim Estate

*Elmer L. Menges* and *Weston C. Overholt, Jr.*, for accountant.

*H. Lyle Houpt*, for legatee.

TAXIS, P. J., January 26, 1960.— . . . Testator died on May 15, 1958, leaving a will dated April 15, 1948, upon which letters testamentary were granted May 23, 1958.

By paragraph second of his will, testator provided as follows:

"I give and bequeath to my cousin, OTTO REIM, and BLANCHE REIM, his wife, and the survivor of them providing at least one of them is living at the time of my death, all of my household furniture and furnishings, *automobile, and other similar items*, absolutely, free and clear of all taxes." (Italics supplied.)

On February 28, 1958, almost 10 years after the execution of the will, testator purchased a Roycraft Mobile Home for the total sum of $4,445.60, from C. J.

Stoll, Inc., Clearwater, Fla. The mobile home was sold without tires and wheels and was shipped to the Lazy Day Trailer Park, Largo, Fla., where it was set up for use as testator's winter residence. Exhibits admitted into evidence at the time of hearing show that the purchase was made, less tires and wheels, and following testator's death, the trailer was appraised and later sold by the executor for its appraised value of $3,200. The proceeds of this sale are accounted for in the present accounting.

Three objections were filed to the account of the executor by Blanche Reim. The first objection complains that the distribution account awards the household furniture and furnishings to Adele Clough and not to the said Blanche Reim as provided in the will. At the time of audit, counsel for the accountant advised the court that the distribution account as stated was in error and moved to amend the distribution account to provide that household furniture and furnishings should be awarded to Blanche Reim as provided for by paragraph second of the will. The amendment is allowed and the award of household furniture and furnishings is herewith made to Blanche Reim. Objection no. 1 having been cured by this amendment, the objection is dismissed.

Objections 2 and 3 both deal with the same subject matter. Blanche Reim claims the proceeds of the sale of the trailer on the ground that a trailer is an "automobile, and other similar items," that the mobile home or trailer is a "similar item" to an automobile and the proceeds of said sale of this trailer should be awarded to her.

The accountant's position, however, is that the proceeds of the sale of the trailer constitute a part of the residuary estate. Where, as here, words enumerating particular articles such as household furniture and furnishings and an automobile are followed by general terms such as "and other similar items," the general

terms are restricted to articles ejusdem generis. Thus, where particular words are connected with words of narrower import, if the bequest is not residuary, it will be confined to species of property ejusdem generis with those previously described. See Lippincott Estate, 173 Pa. 368; Gibbons' Estate, 224 Pa. 37.

The only word of a restrictive meaning applicable in the present case is the word "automobile." Automobile means "moved by its own power—self-propelling." In modern usage the word "automobile" is restricted in meaning to a motor-driven vehicle suitable and intended for conveyance of persons or freight. On the other hand, a trailer, or a mobile house, although sometimes associated with an automobile because they both have wheels, is not considered an automobile for the reason that is it not self-propelled, but need be towed from place to place. See 4 W. & P. 199 (Supp.). That factor has particular significance in the present case, for here the trailer was purchased without tires or wheels and was permanently located and used as a winter home. Indeed, it is more nearly similar to a house than to an automobile. Cf. Lower Merion Township v. Gallup, 158 Pa. Superior Ct. 572; Streyle v. Board of Property Assessment, Appeals and Review, 173 Pa. Superior Ct. 324, at 326.

In the present case the trailer measured 26 feet by 10 feet and was equipped with stove, refrigerator, plumbing and double bed. The trailer did not resemble an automobile in design, likeness, quality, nature, degree, purpose or any other characteristic. Cf. Bonsall's Estate, 288 Pa. 39. Moreover, the trailer was purchased 10 years after the will was written, which factor has some bearing upon the language used by testator. I conclude therefore that the proceeds of the sale of the trailer are part of the residuary estate and objection no. 2 and objection no. 3 are herewith dismissed. . . .