## Home for Crippled Children v. Erie Insurance Exchange

*Joseph A. Vater, Jr.*, for plaintiff.
*S. Asher Winikoff*, for defendants.

WETTICK, *J.*, April 23, 1982 — Plaintiff seeks to amend its complaint to include a count for tortious interference with a contractual relationship. According to the allegations in plaintiff's proposed amended complaint, the alleged interference occurred on or about December 7, 1978. Defendants oppose the amendment on the ground that the proposed claim is barred by the statute of limitations.

The proposed amendment raises a new cause of action because plaintiff is attempting to introduce an entirely new theory of recovery based upon a different set of facts. Junk v. East End Fire Department, 262 Pa. Super. 473, 396 A.2d 1269 (1978); Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 219 A.2d 676 (1966). An amendment introducing a new cause of action is not permitted if the statute of limitations on this cause of action has expired. Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A.2d 914 (1974); Goodrich-Amram 2d § 1033:4.1. Also see Booth, et al. v. Cushing, 128 P.L.J. 202 (1980). For the reasons stated in this opinion, we conclude that plaintiff's proposed claim is barred by the statute of limitations and for this reason deny plaintiff's motion to amend its complaint.

The limitation period for civil actions is governed by Sections 5501-5536 of the Judicial Code (Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S. §5501 et seq.). It is plaintiff's position that no specific limitation period governs its proposed claim, and, consequently, the claim is governed by the residual provision of 42 Pa.C.S. §5527(6) which establishes a six year limitation period for any civil action which is not subject to any other limitation provision.

"The following actions and proceedings must be commenced within six years:

• • •

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation)."

It is defendants' position that this residual provision is not applicable because the action comes within the two year limitation provisions of 42 Pa.C.S. §5524(3) and/or 5524(4):

"The following actions and proceedings must be commenced within two years:

• • •

(3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof.

(4) An action for waste or trespass of real property."

For several reasons, we conclude that the two year limitation provision of Section 42 Pa.C.S. §5524(3) governs an action for tortious interference with a contractual relationship.[1]

First, if given its ordinary meaning, the language of 42 Pa.C.S. §5524(3) encompasses an action for tortious interference with a contractual relationship. A contractual relationship constitutes intangible personal property. Thus, an action for interference with a contractual relationship is an action for "injuring personal property" within the meaning of 42 Pa.C.S. §5524(3).

---

1. Prior to the effective date of Sections 5501-5536 of the Judicial Code, the tort of interference with a contractual relationship was governed by the six year limitation period of the Act of March 27, 1713, 12 P.S. §31, which governed all actions in contract and trespass not involving personal injury. Helmig v. Rockwell Mfg. Co., 389 Pa. 21, 131 A.2d 622 (1957); Meyers v. Pennypack Woods Home Ownership Association, 559 F.2d 894 (3 Cir., 1977).

We reach this conclusion because personal property is defined by our appellate courts as: "everything except real estate," McGlathery's Estate, 311 Pa. 351, 166 Atl. 886, 887 (1933), followed in Klingner v. Pocono International Raceway, Inc., 289 Pa. Super. 484, 433 A.2d 1357, 1361 (1981), and "everything that is the subject of ownership, not coming under the denomination of real estate," Klingner v. Pocono International Raceway, Inc., supra, 433 A.2d at 1361, quoting Black's Law Dictionary 1096 (5th ed. 1979). "Nothing requires that personal property be tangible." Klingner v. Pocono International Raceway, Inc., supra, 433 A.2d at 1361. Property rights recognized by our appellate courts include a right to use on a chose in action (DeSantis v. Yaw, 290 Pa. Super. 535, 434 A.2d 1273, 1275 (1981)), the right to practice law (Mazzocone v. Willing, 246 Pa. Super. 98, 369 A.2d 829, 831 (1976), rev'd. on other grounds, 482 Pa. 377, 393 A.2d 1155 (1978)), and a creditor's right to receive payment of a debt (Jones v. New Pittsburgh Courier Publishing Co., 469 Pa. 157, 364 A.2d 1315, 1318 (1976)). Also see Article 9 of the Uniform Commercial Code which recognizes that personal property includes intangibles of varying natures. (13 Pa.C.S. §9106).

Second, the language of 42 Pa.C.S. §5524 should be broadly construed because its apparent purpose is to apply a two year statute of limitations to tort actions that are not subject to a lesser limitation period. Section 5524 applies its two year limitation period to any tort action to recover damages for injuries to the person (5524(2)), to personal property (5524(3)), and to real property (5524(4)). In addition, Section 5524 governs harm to reputation or credit, loss of liberty and interruption of business by including within its two year limitation period ac-

tions for assault and battery, false imprisonment, false arrest, malicious prosecution, and malicious abuse of process (5524(1)). Thus, it is apparent that this section is intended to cover tort actions for losses to intangible as well as tangible property.

Furthermore, there would be no reason for the legislature to apply a longer limitation period to actions for damages to intangible property. In fact, if the legislature were to distinguish between injuries to intangible property and to tangible property, we would expect an action for damages to tangible personal property to have a greater limitation period because these damages are easier to establish at a later date.

An action for breach of a written contract for the sale of tangible personal property must be brought within four years (42 Pa. C.S. §5525). It would be absurd to construe the limitation provisions of the Judicial Code in a fashion that permits an action for tortious interference with a contract to be brought within six years while requiring an action for breach of the same contract to be brought within four years.[2]

Third, the construction of the limitation provisions of the Judicial Code in this fashion is supported by the Judicial Code Explanation prepared by the Pennsylvania Bar Association's Special Committee on the Judicial Code.[3]

---

2. In construing legislation, the court must presume that the legislature did not intend a result that is absurd or unreasonable (1 Pa.C.S. §1922). Also, statutes or parts of the statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things, and statutes in pari materia shall be construed together, if at all possible, as one statute (1 Pa.C.S. §1923).

3. The Explanation is published in the preface to Title 42 of Purdon's Pennsylvania Consolidated Statutes Annotated.

"§5524. The period of limitations in wrongful death actions is increased from one to two years to conform to the general statute on personal injuries. (emphasis omitted) Also in the same section, the periods applicable to conversion of or injury to personal property and waste or trespass to real property are reduced from six to two years to conform to the modern principle that claims based on conduct, and hence heavily relying on unwritten evidence, should have relatively short statutes of limitations, so as to bring them to trial (after allowance for pretrial delays) before memories have faded. The two-year statute for tort claims (libel, slander, and invasion of privacy with one-year periods of limitation constituting the principal exceptions.)"

Fourth, our treatment of intentional interference with a contractual relationship as an injury to personal property is consistent with the prevailing case law of other jurisdictions. See Annotation, What Statute of Limitations Governs Action for Interference With Contract or Other Economic Relations, 58 A.L.R. 3d 1027.

Finally, Bickell v. Stein, 291 Pa. Super. 145, 435 A.2d 610 (1981), supports this court's ruling. In this case, plaintiff brought an action for intentional interference with a contractual relationship approximately five and one-half years from the date of the alleged wrongdoing. Defendant through preliminary objections in the nature of a demurrer raised the statute of limitations as a defense, asserting that the present action was not commenced within the two year limitation periods of 42 Pa. C.S. §5524(3) and (4). The lower court sustained the demurrer and the Superior Court affirmed the decision of the lower court. In its opinion the Superior Court assumed, without discussion, that the action was governed by Section 5524's two year limitation period.

Before reaching our decision, we reviewed the federal district court opinions in the cases of Culbreth v. Simone, 511 F. Supp. 906, 914 (E.D. Pa., 1981) (court held that the Pennsylvania statute of limitations for tortious interference with business relationships is six years) and Riccobono v. Whitpain Township, 497 F. Supp. 1364 (E.D., Pa. 1980) (court held that there is no specific Pennsylvania statute of limitations governing the tort of interference with a prospective contractual relationship, and, consequently, the action is governed by the six year limitation period of 42 Pa.C.S. §5527(6)). We do not find these rulings persuasive since in each of these cases the court simply concluded, without discussion, that a six year limitation period applied. We also considered the slip opinion of the United States District Court for the Eastern District of Pennsylvania rendered in Clyde v. Thornburgh (Civil Action No. 81-1810, February 18, 1982). In this case (which considered a claim for wrongful discharge), the court held that the provisions of 42 Pa.C.S. §5524(3) or (4) were not applicable because the claim for a wrongful discharge cannot be reasonably viewed as either "an action for taking, detaining or injuring personal property." We do not find this opinion persuasive because the court reached its conclusion simply by stating that the language of 42 Pa.C.S. §5524(3) and (4) does not apply. Moreover, in this case the court concluded that these provisions were inapplicable in order to apply a six month limitation period which governs an action against any officer or any governmental unit unless the action is subject to another limitation period. We believe that the court may have analyzed more thoroughly the limitation provisions of the Judicial Code if the issue were whether the action was subject to a two year or six year limitation period.

For these reasons, we enter the following [4]

ORDER OF COURT

On this April 23, 1982, it is hereby ordered that plaintiff's motion to amend its complaint to include a count for tortious interference with a contractual relationship is denied.

4. For two reasons, we do not consider a claim that the running statute of limitations should be tolled because of plaintiff's ignorance of the tortious acts or their cause during the limitation period. First, plaintiff did not allege sufficient facts in its motion to amend or its proposed amendment to permit a jury to find that the commencement of the limitation period may be delayed (see Bickell v. Stein, supra). Second, in its memorandum of law in support of its motion to amend, plaintiff stated that it would not discuss its alternative theory that the cause of action did not accrue until discovery of the interference.